WILLIAM E. KEITH vs. THEODORE BOLIER, and others.

Penobscot.    Opinion April 4, 1899.

*Poor Debtor.   Bond.   Penalty.   R. S., c. 113.*

By statute a poor debtor's bond is a valid statute bond although the penalty varies not exceeding five per centum from double the amount due on the execution.  This percentage of difference allowed is to be computed upon the penal sum of the bond.  Where the difference between the penalty of the bond in suit and the amount that it should have been is less than five per centum, *held;* that the bond is a valid statute bond.

In the return of the officer upon the execution his fees are stated to be $2.12, while in the bond the amount of his fees is given at $2.06.  This variance in addition to that previously considered with reference to the first objection, is still within the percentage of difference allowed by statute.  *Held;* that it did not affect the validity of the bond as a statute bond.

ON EXCEPTIONS BY DEFENDANTS.

The case is stated in the opinion.

*C. Scott*, for plaintiff.

*W. H. Powell*, for defendants.

SITTING: PETERS, C. J., EMERY, WISWELL, SAVAGE, FOG-LER, JJ.

WISWELL, J.   Action upon a poor debtor's bond.   Neither of the conditions of the bond have been complied with, but it is claimed in defense that the bond is not a statute bond for two reasons.

I.   Because the penal sum of the bond is not exactly double the amount due on the execution.   The amount due on the execution at the time the bond was given was $12.49, the penalty of the bond is $24.   But by R. S., c. 113, § 25, such a bond is a valid statute bond although the penalty varies not exceeding 5% from double the amount due on the execution.   Double the amount due on the execution in this case is $24.98, the difference between the penalty of the bond and the amount that it should have been is

less than 5 % of the penalty. This difference is allowed by stat-
ute. The percentage of difference is to be computed upon the
penalty of the bond.

II. Because in the return of the officer upon the execution his
fees are stated to be $2.12, while in the bond the amount of his
fees is named at $2.06. The court at nisi prius ruled that this
variance was not fatal to the validity of the bond as a statute bond.
We have no question of the correctness of this ruling. The
defendants were not injured by this trifling difference, which was
in the debtor's favor. Moreover this variance, in addition to that
previously considered with reference to the first objection, is still
within the percentage of difference allowed by statute.

*Exceptions overruled.*